IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRANK BRETT | * | |
|     Plaintiff, | | |
|     v. | * | Civil Action No. ELH-17-3813 |
| CHERYL LEWIS | * | |
| SETH WILLIAMS | | |
| CAPE REGIONAL MEDICAL CENTER | * | |
|   "*The Boss*" | | |
| DAVID SAMSON | * | |
| BILL NAULTY | | |
| BALTIMORE RESCUE MISSION "*Boss All* | * | |
|   *Employees Some Residents*" | | |
| WILMINGTON DELAWARE SUNDAY | * | |
|   BREAKFAST MISSION *Mr. Wheeler* | | |
| WHITE REVEREND JOE ANICE | * | |
| REVEREND ALI | | |
| OLLIE BYNUM | * | |
| REV. PUBNIL | | |
| MR. MARSHALL | * | |
| MR. MUR | | |
| SEURR RICHARDS | * | |
|     Defendants. | | |

*****

**MEMORANDUM**

Frank Brett, the self-represented plaintiff, filed the above-captioned complaint for damages and injunctive relief on December 27, 2017 (ECF 1), together with a motion to proceed in forma pauperis. ECF 2. Brett alleges that he is a citizen of Pennsylvania, but provides a Baltimore, Maryland address. The motion for leave to proceed in forma pauperis shall be granted.

Brett sought to file his complaint under seal. ECF 3. On December 28, 2017, the court denied the request, but stayed the ruling to permit Brett to notify the court, by January 15, 2018, whether he wished to withdraw the lawsuit, rather than allowing it to proceed publicly. ECF 4. That Order was returned to the court as "not deliverable as addressed." ECF 5. Therefore, the seal shall be lifted.

Brett has sued various individuals from Maryland, New York, Florida, New Jersey and Pennsylvania. His allegations, most of which contain nonsensical and incoherent statements, invoke federal criminal code provisions as the basis for this court's jurisdiction. Brett claims that for over twenty years he and his wife have been harassed and followed "all over the U.S.," including in Florida, Pennsylvania, Delaware, and Maryland. The body of the complaint contains no discernable constitutional violations supported by factual assertions tied to the named defendants. ECF 1.

Under 28 U.S.C. § 1915, an indigent litigant may commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case before service of process upon a finding that the action has no factual or legal basis. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Indeed, this court must conduct a preliminarily review of complaint allegations before service of process and dismiss them if satisfied that the complaint has no factual or legal basis. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In *Neitzke v. Williams,* 490 U.S. 319 (1989), the United States Supreme Court held that a district court may dismiss the complaint of a pro se litigant under 28 U.S.C. § 1915 when the complaint includes only a "fanciful factual allegation" and lacks "an arguable basis either in law or in fact." *Id.* at 325; *see Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992) ( "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely.") (citations to *Neitzke* omitted).

*Neitzke* explained that the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. Indeed, § 1915 was amended after *Neitzke* and *Denton*, such that now the statute *mandates* that a district court "shall dismiss" a case upon a finding that the Complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint of a self-represented litigant is held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978). And, a federal district court is charged with liberally construing a complaint filed by a self-represented litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a complaint of a self-represented litigant, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555–56 (2007)). However, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

The court has examined the Public Access to Court Electronic Records ("PACER") and takes judicial notice that commencing in 2006, Brett has filed over 181 cases in the federal district courts. The majority of those cases was dismissed as frivolous pursuant to § 1915(e). For example in *Brett v. Rodriquez, et al.*, Civil Action No. GKS-17-313 (M.D. Fla. March 28, 2017), Senior United States District Court Judge G. Kendall Sharp dismissed Brett's case as frivolous and subjected any and all future cases filed by Brett to preliminary review and pre-

filing screening.[2] Moreover, in dismissing Brett's complaint as frivolous the federal court in the Middle District of Pennsylvania noted that Brett had unsuccessfully pursued "scores" of cases in twelve different federal districts and referenced one of Brett's cases filed in and dismissed by the Eastern District of North Carolina.[3] *See Brett v. Wingate, et al.*, Civil Action No. YK-15-2438 (M. D. of Pa. 2016). A district judge presiding in the United States District Court for the Eastern District of Pennsylvania has identified at least thirty-eight cases Brett has filed that have been dismissed as frivolous or for failure to state a claim. *See Brett v. Sampson*, Civil Action No. EGS-15-3711 (E.D. Pa. 2015).

Even when providing a generous review to the self-represented complaint, the court finds it appropriate to dismiss Brett's suit. *See Bell Atl. Corp. v. Twombly,* 550 U.S. at 570 (a complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not allege enough facts to state a claim to relief that is plausible on its face); *Neitzke,* 490 U.S. at 325–28. Brett presents a number of claims which are completely implausible and made without any viable

---

[2] The Middle District of Florida court identified more than 30 other cases filed by Brett between 2007 and 2012 in United States District Courts, including the Middle District of Florida, that were dismissed for various reasons, including lack of subject-matter jurisdiction, failure to state a claim upon which relief can be granted, and because the complaint was frivolous. *See Brett v. U.S. Marshal Livingston*, Civil Action No. TBS-14-594 (M.D. Fla. 2014). Brett has continued to file cases in that court, all of which were dismissed as frivolous, for lack of prosecution, and for improperly filing documents under seal. *See Brett v. U.S. Marshal Jenkins,* Civil Action No. GJK-15-58 (M.D. Fla. 2014); *Brett v. U.S. Marshal Garcia*, Civil Action No. KRS-15-638 (M.D. Fla. 2014); *Brett v. U.S. Marshal Rodriguez*, Civil Action No. KRS-16-806 (M.D. Fla. 2014); *Brett v. U.S. Marshal Jenkins*, Civil Action No. DAB-16-10 (M.D. Fla. 2014); *Brett v. Baker*, Civil Action No. TBS-16-23 (M.D. Fla. 2014); and *Brett v. Baker*, Civil Action No. TBS-16-667 (M.D. Fla. 2014).

[3] *See Brett v. Hansen*, Civil Action No. BR-12-127 (E.D. N. C. 2013) (alternatively recommending dismissal of Brett's complaint on maliciousness grounds based on allegations raised in numerous other actions "that both named and unnamed defendants have lied about his sexual orientation, called him "Forrest Gump," tried to kill him [and]. . . illegally obtained his address to send him mail. . . In a similar vein, the exhibits to the complaint consist of: six pages of license plate numbers of cars . . . [and] handwritten narratives or timelines of events").

factual supporting allegations. It is appropriate to dismiss his action under 28 U.S.C. § 1915(e)(2)(b)(ii).

Further, Brett's reliance on federal criminal statutes, such as 18 U.S.C. § 371 and 18 U.S.C. § 118, is misplaced, as these criminal statutes do not create a private right of action. *See Flowers v. Tandy Corp.*, 773 F.2d 585, 588-89 (4th Cir. 1985). This court has no authority to initiate criminal charges. The decision whether or not to prosecute, and for what offense, rests with the prosecution. *See*, *e.g.*, *Borderkircher v. Hayes*, 434 U.S. 357, 364 (1978); *Brett v. Brett*, 503 F. App'x. 130, 132 (3d Cir. 2012) ("[C]riminal statutes do not give rise to civil liability."). As the Supreme Court said in *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), "in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See also Banks v. Buchanan*, 336 Fed. Appx. 122, 123 (3d Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D. D.C. 2012). If Brett seeks to pursue criminal charges, he must bring his allegations to the attention of law enforcement authorities, not this Court.

Accordingly, Brett's motion for leave to proceed in forma pauperis (ECF 2) shall be granted. His complaint shall be dismissed by separate Order.


Date: January 18, 2018   \_\_\_\_/s/_____
                          Ellen L. Hollander
                          United States District Judge